IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 2:24-cr-00521 |
| | ) | |
| | ) | 18 U.S.C. § 371 |
| vs. | ) | 18 U.S.C. § 981(a)(1)(C) |
| | ) | 28 U.S.C. § 2461(c) |
| ANTHONY WILSON | ) | |
| | ) | |
| | ) | **INFORMATION** |

**COUNT 1**
**(Conspiracy)**

**THE UNITED STATES ATTORNEY CHARGES:**

*The Conspiracy*

1.     From in or about April 2018 and continuing up until at least February 2022, in the District of South Carolina and elsewhere, the Defendant **ANTHONY WILSON**, and known and unknown co-conspirators, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other and others known and unknown to the United States Attorney, to devise and execute a scheme and artifice to defraud and to obtain money and property from Lowe's Home Improvement stores across the District of South Carolina, and elsewhere, by means of false and fraudulent pretenses, representations, and promises,  and during such period, in the course of executing said scheme and artifice to defraud, transmitted and caused to be transmitted in interstate commerce, wire communications, including writings, signs, signals, pictures, and sounds, for the purpose of executing the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

*Object of the Conspiracy*

2.      The object of the conspiracy was for Defendant **ANTHONY WILSON**, and others known and unknown to the United States Attorney, to defraud Lowe's Home Improvement stores across the District of South Carolina, and elsewhere, by stealing merchandise from Lowe's and then returning said stolen merchandise for store credit in the form of merchandise cards. Once the merchandise cards had been fraudulently obtained, Defendant **ANTHONY WILSON** would sell the merchandise cards to known and unknown conspirators and/or use the merchandise cards to purchase Lowe's merchandise.

*Manner and Means of the Conspiracy*

3.      The manner and means by which **ANTHONY WILSON** and his co-conspirators, both known and unknown to the United States Attorney, sought to accomplish the object of the conspiracy includes the following:

    a.    **ANTHONY WILSON**, and known and unknown coconspirators, would go into Lowe's stores in the District of South Carolina, and elsewhere, and shoplift items.

    b.    Once **ANTHONY WILSON**, and known and unknown coconspirators, had shoplifted items, they would go into a different Lowe's store, and, working under false identities, would bring the previously stolen merchandise to the return desk to initiate a return.

    c.    Once at the return desk, the known and unknown coconspirators would claim to not have the receipt for the product he or she was returning, so he

2

        or she would be issued store credit in the form of a merchandise card.

d.     Lowe's policy for issuing refunds on items that were returned without a receipt required the customer to submit a driver's license or other government-issued identification to receive a merchandise card, similar to a gift card, in the amount of the refund. The merchandise card could be used to purchase merchandise at any Lowe's retail store.

e.     The Lowe's store employee who processed the refund request entered the relevant information from the customer's government identification and the information regarding the refund amount. The known and unknown coconspirators were presenting government identification using fake identities.

f.     The information for authorization of the refund to a merchandise card was electronically transmitted to a Lowe's data center in either Kentucky or Nevada and then transmitted from the data center back to the Lowe's store location.

g.     Once **ANTHONY WILSON** and the known and unknown co-conspirators had the fraudulently obtained merchandise cards, they would sell them at a percentage of the total value to other known and unknown coconspirators, knowing that the merchandise cards had been fraudulently obtained by their co-conspirators.

*Overt Acts*

4.     In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed:

3

  a. On or about March 26, 2021, while conducting a return of Lowe's merchandise at Lowe's store number 655 in Charleston, South Carolina, **ANTHONY WILSON** presented a fraudulent Washington Driver's License ending in 3713 to return merchandise, and a merchandise card in the amount of $200.08 was issued to **ANTHONY WILSON.**

  b. On or about April 1, 2021, while conducting a return of Lowe's merchandise at Lowe's store number 639 in Aiken, South Carolina, **ANTHONY WILSON** presented a fraudulent Washington Driver's License ending in 3713 to return merchandise, and a merchandise card in the amount of $204.46 was issued to **ANTHONY WILSON.**

  c. On or about January 25, 2022, while conducting a return of Lowe's merchandise at Lowe's store number 626 in Sumter, South Carolina, **ANTHONY WILSON** presented a fraudulent Washington Driver's License ending in 2175 to return merchandise, and a merchandise card in the amount of $193.90 was issued to **ANTHONY WILSON.**

All in violation of Title 18, United States Code, Section 371.

**FORFEITURE**

CONSPIRACY:

Upon conviction to violate Title 18, United States Code, Section 371 (conspiracy to violate 18 U.S.C. § 1343) as charged in the Information, the Defendant, **ANTHONY WILSON**, shall forfeit to the United States any property, real or personal, which constitutes, is traceable, or is derived from any proceeds the Defendant obtained, directly or indirectly, as the result of such violation.

PROPERTY:

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendant for the offense charged in this Information includes, but is not limited to, the following:

Proceeds/Forfeiture Judgment:

A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offense charged in the Information, that is, a minimum of $122,828.00 in United States currency, and all interest and proceeds traceable thereto, and/or such sum that equals all property derived from or traceable to his violation of 18 U.S.C. § 371.

SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant:

    A.    Cannot be located upon the exercise of due diligence;
    B.    Has been transferred or sold to, or deposited with, a third person;
    C.    Has been placed beyond the jurisdiction of the Court;
    D.    Has been substantially diminished in value; or
    E.    Has been commingled with other property which cannot be subdivided without difficulty;

5

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the Defendant up to an amount equivalent to the value of the above-described forfeitable property;

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY


By: /s/Amy Bower
    Amy F. Bower (Fed. Bar No. 11784)
    Assistant United States Attorney
    151 Meeting Street, Suite 200
    Charleston, SC 29401
    Tel.: (843) 727-4381
    Email: Amy.Bower@usdoj.gov